NATIONAL GLASS CO. et al. v. UNITED STATES GLASS CO. et al.

(Circuit Court of Appeals, Third Circuit. January 16, 1907.)

No. 50.

PATENTS—INFRINGEMENT—FURNACES FOR REHEATING GLASSWARE.

The Schulze-Berge patent, No. 411,131, and the Caldwell patent, No. 442.855, both for furnaces for reheating or fire-finishing glassware, as limited by construction in prior suits to the precise mechanism described, *held* not infringed by a furnace which does not have a laterally projecting floor, which is an essential feature of both.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 147 Fed. 254.

James K. Bakewell, for appellants.

M. A. Christy and George H. Christy, for appellees.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the National Glass Company and another filed a bill charging the United States Glass Company and another with infringement of patent No. 411,131, to Schulze-Berge, and No. 442,855, to Caldwell. That court, in an opinion reported at 147 Fed. 254, dismissed the bill for noninfringement. Thereupon this appeal was entered.

These patents were before this court in the case of Bryce Bros. v. National Glass Company. In an opinion reported at 116 Fed. 186, 53 C. C. A. 611, the art is so fully set forth, and the devices illustrated and so fully described, that reference to these opinions precludes the neces-

sity of present description. Referring to both these patents it was in the last-mentioned case held by this court:

"That the inventions are not of a pioneer or primary character, and that therefore they must be confined and limited to the precise device, as described in the specifications and claims of that art."

Of the Schulze-Berge patent, here involved, it was there said:

"The essential structural peculiarity, therefore, is a furnace with a laterally projecting floor, $0^2$, of the combustion chamber, in which floor the glory holes are placed, so that a glass article may be vertically raised or lowered, in presenting it to them and withdrawing it from them."

And of the Caldwell patent:

"It will thus be seen that there is described and shown a glass furnace and combustion chamber, having the essential characteristic of that patented in No. 411,131, to wit, the laterally projecting cover, with the glory holes therein and thus accessible from below. Both require a glass-heating furnace, and both require that that furnace should be so constructed as to have a laterally projecting floor that would admit of a glory hole therein and be accessible from below."

Now, the construction thus placed on these patents, which is now the law thereof, the court below followed and applied. The respondents' device has no laterally projecting floor. Lacking this essential feature of the two patents in question, there can be no question that it does not infringe. Moreover, this laterally projecting floor made possible the use of a revolving table on which the glassware was carried through the furnace. This table is an element in all the claims of the Caldwell patent here involved, and a revolving table cannot be used in the respondents' structure. Restricting the claims, as the court below rightly did, to the limited scope awarded them by this court in the prior case, its decree was a logical sequence.

It must therefore be affirmed.